Mr. Justice Clayton
delivered the opinion of the court.
In January, 1839, the plaintiff in error lent to Chisholm & Minter $12,000, payable eleven months thereafter, which seems to have been an advance to them, for which they were to ship cotton to the commission merchants of the bank at New Orleans, to be thence reshipped to Liverpool, and sold for account of Chisholm & Minter, and the proceeds to be held subject to the order of the bank. In April, 1839, two hundred bales of cotton were received by Buckner, Stanton & Co., at New Orleans, shipped to Maginac, Smith & Co., at Liverpool, and for which the bank afterwards rendered a credit of $6711 39. Chisholm & Minter were not satisfied with the amount of this credit, and they introduced testimony to show, that cotton bore a higher price in Liverpool about the time when the sale was made, than was allowed them. The jury found a verdict for the defendants, and gave a certificate for nearly $3000 in their favor. After refusal to grant a new trial, the case was brought to this court.
*463 Much of the testimony introduced by the defendants was objected to by the plaintiff, but was permitted to go to the jury. That which relates to the quality of the crop of cotton shipped in 1839, the usual weight of bales, and the average price at Liverpool about the time the sale took place, is in our view free from objection.
As rebutting proof the plaintiff offered in evidence, the account of sales rendered by the English house to which the cotton was shipped. This was rejected by the court, and a bill of exceptions taken to its exclusion. There is no principle which would make the account of sales in itself evidence; the deposition of some one acquainted with the transaction would be requisite to make it admissible.
The testimony introduced by the defendants, in regard to the value of the notes of the Manchester Bank at New Orleans, in August and October, 1839, and January, 1840, was wrongly admitted. There was no proof as to the kind of money loaned to them, though it is fair to presume it was the notes of the bank; neither is there any proof as to their being post notes, or payable on demand. The evidence too relates to a period long after the transaction with the defendants, and to a place distant from the bank. If inquiry is to be instituted into the value of the money loaned, it must be confined to the time of the loan, and the place where it occurred. If the notes were of par value when received, all that the plaintiff can be chargeable with for foreign exchange is the premium between par paper and exchange on Liverpool at the time of the sale of the cotton. If below par when paid out by the bank, then the amount of discount upon them must be added to that premium, so as to make them equivalent to par funds at the time they were paid out by the bank.
Judgment reversed, and new trial awarded.